IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN TREVINO, et al.,

      Plaintiffs,                    No. CIV S-07-2106 LKK DAD

      v.

LASSEN MUNICIPAL UTILITY
DISTRICT, et al.,                     ORDER

      Defendants.
_____/

      On October 30, 2008, plaintiffs filed a motion to compel defendants and their employees to respond to discovery requests and deposition questions. The motion has been noticed for hearing before the undersigned on December 12, 2008.

      The Status (Pretrial Scheduling) Order issued by the assigned district judge on January 16, 2008 includes the following provision:

> All discovery is left open, save and except that it shall be so conducted as to be <u>completed</u> by November 30, 2008. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions will be heard not later than October 30, 2008.

. . . .

The parties are reminded that pursuant to Fed. R. Civ. P. 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of court upon a showing of good cause.**  Counsel are cautioned that changes to any of the scheduled dates will necessarily result in changes to all other dates.  Thus, even where good cause has been shown, the court will not grant a request to change the discovery cutoff date without modifying the pretrial and trial dates.

**Agreement by the parties pursuant to stipulation does not constitute good cause.**

(Status (Pretrial Scheduling) Order filed Jan. 16, 2008, at 5 & 10 (emphasis in original).)

Plaintiffs have not noticed their discovery motion "so that such motion[] will be heard not later than October 30, 2008," as required by the scheduling order.  Nor have plaintiffs noticed their motion so that discovery will be "completed by November 30, 2008," as required by the scheduling order.  The record reflects that the parties attempted to modify selected dates by joint stipulation and proposed order filed on September 19, 2008.  However, the request to extend dates was denied by the assigned district judge. (Order filed Sept. 23, 2008.)  By further order, the district judge clarified that "[t]he parties are free to enter into whatever stipulations they wish" but "the court will not enforce discovery at variance with the original schedule" (Order filed Sept. 25, 2008, at 1).

In accordance with the original schedule, IT IS ORDERED that plaintiffs' October 30, 2008 motion (Doc. No. 69) to compel responses to discovery is denied as improperly noticed for hearing after October 30, 2008, and the motion is dropped from this court's December 12, 2008 calendar.

DATED: November 4, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.civil/trevino2106.mtc.den